The Honorable Peggy Long State Representative, 76th District HC-1, Box 58 Hamilton, Kansas 66853
Dear Representative Long:
As State Representative for the 76th District, you ask our opinion regarding whether the continuing education requirement for cosmetologists and other persons regulated by the Board of Cosmetology, as originally enacted in L. 1995, Ch. 119, § 1, as amended by L. 1995, Ch. 248, § 4, and currently found at K.S.A. 1996 Supp. 65-1904 (hereinafter referred to as the 1995 continuing education law), is capricious and unrelated to a legitimate governmental purpose and thus violative of the Due Process Clause of the United States Constitution.
You refer to Attorney General Opinion No. 97-68 in which we addressed the constitutionality of 1997 amendments (initially 1997 Senate Bill No. 165, § 6; now L. 1997, Ch. 146, § 6) to the 1995 continuing education law and opined:
 "[B]ecause the effect of [the 1997 amendments] is to disqualify many to most currently licensed persons from license renewal, the statute is not rationally related to fitness or capacity to practice cosmetology or any of the other occupations licensed by the board. This type of wholesale disqualification is unreasonable and clearly does not serve or promote any legitimate public purpose. This law produces the type of arbitrary, capricious and irrational results which the Due Process Clause protects citizens against." p. 5
In addition to Attorney General Opinion No. 97-68, the Board received written statements from the Governor and five legislators who were instrumental in the passage of the 1997 amendments stating that the effects of the 1997 amendments were not intended and that the amendments as written did not accurately express legislative intent. Following receipt of those statements and receipt of Attorney General Opinion No. 97-68, the Board determined not to enforce the continuing education requirements specified in 1997 amendments. Instead the Board has continued to enforce the requirements of the 1995 continuing education law.
The substance of the 1997 continuing education amendments would have required licensees to obtain five hours annually on health and safety issues. In reaching its conclusion, Attorney General Opinion No. 97-68
addressed the constitutional permissibility of requiring Board licensees to obtain continuing education directed towards health and safety:
 "Certainly, a legislative requirement that the Board's licensees obtain continuing education on health and safety related issues is a reasonable method of protecting the public's interest in its health, safety and welfare. Thus establishment of such a CE requirement is a `rational means of advancing a legitimate legislative purpose.' Delahoussaye v. City of New Iberia, supra at 149. Such a requirement, without more, would pass the rational basis test and would not violate any licensee's right to substantive due process of law." pp. 3-4.
Your question concerns a cosmetology continuing education requirement in general as embodied in the 1995 continuing education law. That law requires licensees to complete a minimum of 20 hours biennially of continuing education. By regulation, the Board defined "cosmetology continuing education" to mean "an organized and systematic education experience beyond that basic preparation which is designed to increase knowledge, improve skills or enhance the practice of cosmetology or improve protection of the public health and welfare." K.A.R. 69-14-1(e). At least 5 of the 20 hours of continuing education are required to be devoted to chemical control, public safety, product safety or infection control. K.A.R. 69-14-2(c).
In 1979 this office was asked to render an opinion concerning the constitutional validity of a statutory continuing education requirement for licensed real estate brokers and salesmen. In our opinion on that issue, we stated:
 "Supervision of the practice of the learned professions and other callings demanding special skills have long been held a proper subject of state regulation under the police power. The validity of a statute regulating the practice of a profession depends upon whether the requirement or restriction imposed bears a reasonable relationship to the ills sought to be remedied. If the regulations and conditions imposed are adopted in good faith and operate equally upon all who may desire to practice, the fact that the conditions imposed by the legislature may be rigorous will not invalidate the legislation. Additionally, in considering statutes enacted in the exercise of the police power, there is a presumption that the legislature acted on sufficient grounds." Attorney General Opinion No. 79-314. (Citations omitted.)
Applying those principles to the continuing education requirements imposed on real estate brokers and salesmen, the opinion concluded there was no basis upon which such requirements could be held invalid. Because of a public interest in ensuring that those licensees were cognizant of contemporary developments in their field, the opinion found a reasonable relationship to the public welfare. The opinion also reflected that "it is for the legislature to determine what is the best policy for the people, and courts will not assume that they have a wisdom superior to that of the legislature." McAllister v. Fair, 72 Kan. 533, 536 (1906). We are also mindful of the principle later expressed in Manzanares v. Bell, 214 Kan. 589, 612 (1974): "To be able to find fault with a law is not to demonstrate its invalidity."
In relation to cosmetology continuing education in general, we reach the same conclusion that was reached in Attorney General Opinion No. 79-314. Because of a public interest in ensuring that persons licensed by the Board of Cosmetology are cognizant of contemporary developments in their field in relation to increased knowledge, improved skills, enhanced practice and improved protection of public health and safety, we find a continuing education requirement generally has a reasonable relationship to the public welfare. Unlike the 1997 amendments, we find nothing in the 1995 continuing education law that offends the Due Process Clause of the United States Constitution as being unrelated to a legitimate governmental purpose.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm